# NEW YORK & PORTO RICO STEAMSHIP COMPANY

*v.*

# CAMUÑAS ET AL.

---

San Juan, Equity, No. 1016.

WORKMEN'S RELIEF COMMISSION ACT.

Government—Porto Rico—Liability to Suit.

1. A government can only act through its officials, and these can be enjoined only as acting under an unconstitutional law or

Note.—Authorities discussing the question as to when action against officers is deemed to be action against state are collated in a note in 44 L.R.A.(N.S.) 189.

·New York & Porto Rico Steamship Co. v. Camuñas.

ultra vires of the provisions of a law. A sovereign cannot be com-
pelled to do a proper act, but can be prevented through its officials
from doing an improper act.

Workmen's Compensation—Unnecessary Contribution.
     2. A proof that employers accepting the benefit of the act shall
contribute to the workmen's fund must be construed as meaning
that employers who do not accept the benefit of the act need not
so contribute, and exacting a contribution in the latter case is
taking private property without due process.

Opinion filed September 17, 1918.

---

*Messrs. Charles Hartzell* and *H. G. Molina* for plaintiff.

*Mr. Howard L. Kern,* Attorney General, for defendants.

HAMILTON, Judge, delivered the following opinion:

The defendants compose the Workmen's Relief Commission
created by the Porto Rican legislature by Act of February 25,
1918 (Laws 1918, p. 54) called the Workmen's Accident Com-
pensation Act, defendant Benedicto being also treasurer of
Porto Rico. The bill in this case shows that the plaintiff carries
on a business which is covered by the act if it is otherwise appli-
cable. That the defendant Benedicto has notified plaintiff, that,
unless payment is made of a certain assessment of $3,189.84
under said act, he will proceed to attach property and otherwise
carry out the provisions of the act. That plaintiff is not liable
to the provisions of the act, not having accepted its terms. That
plaintiff has no adequate remedy at law, will suffer irreparable
damage, and prays that the defendants composing the Work-
men's Relief Commission be enjoined from proceeding against
it under said act.

New York & Porto Rico Steamship Co. v. Camuñas.

The defendants appear specially in answer to the rule to show cause why injunction should not issue, and pray that the bill be dismissed because the suit is one against the People of Porto Rico, who have not consented to be sued.

There is no doubt that a government, like the People of Porto Rico, can only act through its officers, and that these can be enjoined only if acting under an unconstitutional law or in similar cases. The plaintiff contends that this act as enforced, that is to say, the course of conduct of the defendants, amounts to denying the plaintiff due course of law and is taking its property without compensation. If a sovereign can pass a law taking property without compensation and cannot be sued because it is a sovereign, the Constitution is of little value. The primary object of a Constitution is to protect its citizens against unlawful acts of the sovereign. If the sovereign could pass a valid law denying the right to any remedy, the sovereign, and not the Constitution, is supreme. There must be some remedy for a citizen under such circumstances, and it has been generally found in injunction or similar process against the officers themselves when engaged in unconstitutional conduct. If unconstitutional, it is void, and acts under it will be enjoined.

Treating Porto Rico the same as a state for the purposes of this case, there are several authorities which are pertinent. One relied upon by the People of Porto Rico is Lankford v. Platte Iron Works, 235 U. S. 461, 59 L. ed. 316, 35 Sup. Ct. Rep. 173. That was a case brought against the State Banking Board of Oklahoma by a depositor in an insolvent bank seeking to compel distribution of the depositor's guaranty fund thereunder. It was held that the fund collected under the act for the purpose of reimbursing depositors in failing banks was

XI. Porto Rico.—5.

New York & Porto Rico Steamship Co. v. Camuñas.

in such sense state property and the officers managing it state officials, that a suit could not be maintained, for it was in effect a suit against a state, therefore prohibited by the 11th Amendment. That case was one in which a depositor sought to come under the terms of the act, and to compel the trustees in question to perform their duties under the act, the act always being held to be applicable. It was, in other words, requiring the state to do its duty, and the Supreme Court held that it would not assume that the state would not do its duty. In the case at bar there is no effort to share the fund created by law, or to compel the insular authorities to perform any act under the law. The theory of the bill, and it would seem to be correct, is that the officers are attempting to do something which is not covered by the law, indeed is excluded by the very terms of the law itself. This being so, it is not a suit against the officers as to any legal duty, is in effect not against them in a representative capacity. They are sued to prevent them from doing something in which they do not act legally as representatives of the sovereign. The distinction seems to be clear.

So, in the case of Murray v. Wilson Distilling Co. 213 U. S. 151, 53 L. ed. 742, 29 Sup. Ct. Rep. 458, it was held that, although a state goes into the liquor business, a bill in equity to compel specific performance of its contract will not lie; for the state does not thereby lose its exemption from suit under the 11th Amendment. This was a direct contract made on behalf of the state. In Hopkins v. Clemson Agri. College, 221 U. S. 636, 55 L. ed. 890, 35 L.R.A.(N.S.) 243, 31 Sup. Ct. Rep. 654, also from South Carolina, it was held that the 11th Amendment applies where the suit is really against the state, although nominally against one of its officers. Immunity from

New York & Porto Rico Steamship Co. v. Camuñas.

suit is a high attribute of sovereignty, and applies to Porto Rico; whether it be under the 11th Amendment or under the general principles of sovereignty is not material for the purposes of this case. The case of Hopkins v. Clemson Agri. College was that of an agricultural college corporation and it was held that the college was not such an agent of the state as to be immune under the 11th Amendment from suit for damages caused by erection of a dike. On the other hand the same case held that no action could be taken in regard to removing the dike itself, because it was on state property and the state was a necessary party, but nevertheless could not be joined. In the case at bar the point is not made that Porto Rico is a necessary party, the suit being directed solely against the board having charge of the fund, and seeking not to enforce a contract, but to prohibit an unlawful act.

It is perhaps not distinctly raised by the pleadings, but it is worthy of note that so far as the business of the plaintiff relates to shipping business, whether on the water or on the piers, it may be, especially in this time of war, so intimately connected with interstate commerce as to make improper any taxation or regulation by the local authorities on other grounds than those argued.

2. The plaintiff sets up that the unconstitutionality in this case consists in passing a law which allows a corporation to elect whether to come under its provisions or not, and yet administratively denying the right of a particular corporation to refuse to accept the provisions. It is conceded that under current decisions an act of this character might be drawn making compensation proceedings compulsory, but it is argued that such is not the effect of the law in question. Section 28 de-

New York & Porto Rico Steamship Co. v. Camuñas.

clares "that all employers accepting the benefits of this act, and employing laborers under the conditions specified in this act, shall contribute to the workmen's relief trust fund in the form and manner provided herein." Inclusio unius, exclusio alterius. Employers accepting the act shall contribute necessarily implies that employers not accepting the act shall not contribute. It is conceded that the plaintiff did not accept the act; therefore it is not liable under the provisions of the act, and proceedings of the defendants in enforcing the law are void under the implications of the act itself. Such proceedings would amount to taking private property without due process of law.

It is further set up that the act provides no court proceedings, so that the plaintiff is remediless at law. There is a reference to the tax law, which may or may not embrace paying under protest and suing to recover back; but as the act stands this is not clear, and it cannot be said that it provides an adequate remedy.

The theory of workmen's compensation acts is very beneficial, and in practice they have done a great deal of good, both to employers and to employees; but to have this effect they must be applicable. In the case at bar the act on its face leaves it optional whether an employer shall come within its terms or not, and the employer at bar has elected not to come within its terms. This being so, he is entitled to relief.

It follows that the acts complained of amount to a denial by the defendants of due process of law, and must be held void. The motion to dismiss, therefore, is denied.

The parties agreed in open court that, in case the court found against the motion to dismiss, the cause should be considered as submitted on the merits, the facts to be held as set out in

the bill. This being so, the plaintiff is entitled to the relief sought, and a final decree will be entered accordingly.

It is so ordered.